VALLEY IRON WORKS MANUFACTURING COMPANY, Respondent, vs. GRAND RAPIDS FLOURING MILL COMPANY, Appellant.

*May 2 — May 23, 1893.*

*Sale of chattels upon trial: Acceptance: Evidence: Warranty.*

1. Plaintiff sold to the defendant corporation a water wheel upon trial. Afterwards defendant's secretary sent to plaintiff notes for the purchase price, which, however, had not been so authorized as to be valid obligations of defendant. In an action for the purchase price it is *held* that such notes were competent evidence upon the question of acceptance of the wheel by defendant, although in a letter in which one of them was sent defendant reserved the question of acceptance for further consideration.

2. A sale of the wheel by defendant after the commencement of the action having been proved, counsel was properly allowed to comment thereon, in the argument to the jury, as bearing upon the question of an acceptance by defendant before the action was commenced.

3. Testimony of the purchaser of the wheel from defendant as to how the wheel had operated since his purchase was admissible, it appearing that all material conditions remained substantially as before the purchase.

4. Representations made before a sale upon trial do not constitute a warranty, where their truth is to be tested by the vendee on such trial.

APPEAL from the Circuit Court for *Fond du Lac* County.
This action was brought to recover the purchase price of a water wheel and fixtures, and for the amount of which the plaintiff had a verdict and judgment, and the defendant appealed. The price of the wheel was $700, and for

that amount notes were given by the defendant. The complaint counts, first, on the sale and delivery of the wheel; second, on the notes for the price; and, third, upon the sale and delivery of certain fixtures for $84. The defendant insisted that the notes were not executed in such a manner as to bind and become the notes of the corporation defendant; that they were given to the plaintiff without consideration and solely as accommodation paper, and not in payment for the wheel; that the plaintiff warranted the wheel to be of sufficient horse power, under the head that existed at defendant's mill, to carry the machinery of the flouring mill to its full capacity when the wheel to the feed mill was operating the feed mill, and agreed that the wheel should operate satisfactorily to the defendant; that the wheel furnished was and is utterly worthless for the purposes for which it was required and warranted to perform; that the plaintiff failed and refused to take it away and to replace it with a wheel such as was required by its agreement. The defendant, by counterclaim, claimed damages by reason of the insufficiency of the wheel, in that with it the mill would not manufacture more than seventy-five barrels of flour per day, while its full capacity, with a proper wheel, was 110 barrels per day.

It appeared that the wheel was furnished under an order from the defendant to the plaintiff given October 21, 1887, requesting it to deliver to the defendant, " on cars at Grand Rapids, Wis., one sixty-five inch special Elmer wheel, to run with the sun, . . . to be delivered within thirty days, or sooner if possible. The above wheel we agree to place within our flume and test it ninety days from date; and if wheel proves satisfactory and gives the power and speed it is represented to give we agree to pay for said wheel as follows: One note for $350, payable nine months from November 1, 1887, and one note for $350, less freight on wheel, payable fifteen months from November, 1887;

all drawing seven per cent. interest until paid." The wheel was received by the defendant early in December, 1887, and was put in the mill a few weeks thereafter, and was used in operating the mill until some time in the spring of 1889, when the mill was shut down. This suit was commenced October 5, 1889. The mill, including the wheel, was sold by the defendant in April, 1891. The defendant, by letters directed to the plaintiff, from June 16, 1888, to January 11, 1889, complained of the wheel that it was not satisfactory. On the 12th of May, 1888, the defendant's secretary and general manager sent plaintiff a note for $350, the execution of which was not authorized by any formal action of the company, saying that it did "not consider the giving it as an acceptance of the wheel unless it proves perfectly satisfactory in test agreed on with Mr. Burns." This note was several times renewed, and another note was in like manner given and sent to the plaintiff for the remaining $350. These notes went to protest in the fall of 1889. The defendant did not at any time do anything towards getting any other wheel to run its mill, and did not at any time offer to return the wheel or ask the plaintiff to remove it. It was the only wheel used to operate its flour mill from the time it was put in, December, 1887, until it sold its mill in April, 1891. Various plans or propositions were made, and some of them adopted, to obviate the objections which the defendant claimed existed to the wheel, and it was at one time proposed to put in a new wheel in its place. Mr. Byrnes, on behalf of the plaintiff, called on the officers of the defendant in the latter part of 1888, and had an interview with its secretary and general manager, and testified that he told him he "either wanted him to settle for the wheel or take it out and return it;" that "he said he would not do it;" he said, "he did not want to take it out at that time; he hadn't another wheel to take its place, and he still seemed to want to hang

onto the old wheel." This was when the plaintiff proposed to put in new buckets. "He said, if he only had a little more power, he thought the wheel was all right." The secretary and general manager denied that Byrnes ever demanded that the defendant should surrender the wheel or pay for it. In respect to the representations in respect to the power and speed of the wheel there was a conflict of testimony. There was testimony given tending to show that the wheel was in all respects as proposed, and testimony to show that it was not. It appeared that the plaintiff sent mechanics to examine it and to remove or obviate the objections made to it by the defendant. The court admitted the notes referred to in evidence, not as binding obligations on the defendant, but as evidence bearing on the question of the acceptance of the wheel, to be considered with the letters and other testimony in the case, and this was objected to by the defendant. The testimony was quite extended, and fairly presented the question whether or not the dissatisfaction expressed by the defendant with the wheel was an honest one, and whether the wheel was a fair compliance with the contract.

The case was submitted to the jury, under instructions not excepted to, to find a special verdict in answer to four questions. The defendant did not ask to have any other matters submitted, and the jury found, in substance: (1) The wheel in question had the speed and power which it was represented it would have at the time it was ordered; (2) the wheel was reasonably fit for the use for which it was ordered by the defendant; (3) the defendant accepted said wheel before this action was commenced, October 5, 1889; (4) the wheel, shafting, and couplings were reasonably worth, at the time the same were delivered to the defendant, $700. There was a motion for a new trial on various grounds, and it was denied.

*C. W. Briggs,* for the appellant.

*John Bottensek,* for the respondent.

Valley Iron Works Mfg. Co. vs. Grand Rapids Flouring Mill Co.

PINNEY, J.  1. The contract of sale of the wheel in question was for a sale upon trial and acceptance, and not of a present sale with warranty.  The main question in the case is whether the defendant accepted the wheel or not, after the stipulated trial or such as it chose to make, before the action was commenced; and this was wholly a question of fact for the jury to determine under the evidence produced. The instructions of the circuit court were full and clear on this and all other material issues, and that court was satisfied with the findings of the jury.  There was evidence sufficient to support the verdict, and the court cannot interfere to grant a new trial, under such circumstances, on the claim that the verdict is contrary to the evidence.

2. There was no error in admitting in evidence the notes given for the wheel, although in one of the letters in which one of them was inclosed the defendant reserved the question of the acceptance of the wheel for further consideration.  These notes, and the fact of their renewal, and the letters in relation to them, were competent evidence, with all the other evidence in the case bearing upon the question of acceptance.  There is nothing in the case to show or suggest that they were given as accommodation paper or for any other consideration than the wheel and its fixtures.  They were not admitted as binding obligations of the corporation defendant, for want of previous action or authority of its directors; and it is reasonable to suppose that when the secretary and general manager signed them it was supposed that all the defects in the wheel, if any, would be removed, so that the defendant felt warranted in giving notes for the purchase price.  Certainly these facts were proper for the consideration of the jury on the question of acceptance of the wheel under the order.  It is to be borne in mind that nearly two years had elapsed from the time the wheel was received by the defendant until the commencement of this action.  The defendant had abundant time to make trial of the wheel.

Valley Iron Works Mfg. Co. vs. Grand Rapids Flouring Mill Co.

The period named in the order for that purpose was only ninety days. If it was not satisfied with the wheel, it was its duty to request the plaintiff to take it away. There is nothing to show that any such notice was ever given, and there is evidence from which the jury might properly find that it refused to let the wheel be taken out in the fall of 1888, when called on to settle for it. The evidence tends to show that the defendant was making an unreasonable use of its right to accept or reject the wheel. There is considerable evidence to show that the wheel was in compliance with the order, and the jury may have arrived at the conclusion that the alleged dissatisfaction of the defendant with it was whimsical and ill founded or simulated.

3. After this action had been commenced, in October, 1889, the defendant retained the wheel until April, 1891, when it sold it, with its mill, to other parties. This was proved without objection, but defendant's counsel objected, at the argument before the jury, against the counsel for the plaintiff commenting on this evidence of sale as showing an acceptance of the wheel; but the court ruled that it could only be referred to, if it had any bearing, on the question whether or not there had been any acceptance of the wheel before the action was commenced. As thus limited, and in connection with the other facts in evidence, we think the proof was competent, and the comment of counsel for that purpose proper.

4. The evidence of the witness Nash as to the manner in which the wheel had operated after he and his partner purchased the mill was properly received. His testimony shows that all material conditions remained substantially as when they purchased the mill, so far as the operation of the wheel would be likely to be affected, and, this being the case, his testimony as to its operation was properly received.

5. The question of exclusion of the evidence offered

under the defendant's counterclaim to show what damages the defendant had suffered by reason of the premises, does not require notice or discussion, for the reason that the verdict of the jury shows that the counterclaim was not sustained, and the exclusion of evidence of damages under it did not operate to the prejudice of the defendant. There was no claim that any false or fraudulent representations were made as to the power, speed, or capacity of the wheel, and, as already observed, it was a case of a sale upon trial. "The above wheel we agree to place within our flume, and *test it ninety days;* and if wheel proves satisfactory and gives the power and speed it is represented to give we agree to pay for said wheel," etc. Here is no warranty. The representations made before the delivery of the wheel would not constitute a warranty, for the plain reason that the acceptance of the wheel is not to be, and was not, in reliance on them, but the defendant stipulates for a period of ninety days within which to test the truth of the representations. *Barnes v. Burns,* 81 Wis. 235, and cases there cited.

There were some other points raised at the trial, but none of them merit particular notice. We are unable to see that any error occurred to the prejudice of the defendant.

*By the Court.*— The judgment of the circuit court is affirmed.